UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NEUMANN HOMES, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF | ) | |
| NEUMANN HOMES, INC., | ) | 09 C 169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH P. NEUMANN and | ) | |
| JEAN L. NEUMANN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Kenneth Neumann and Jean Neumann ("Neumanns") to withdraw the reference of an adversary proceeding to the bankruptcy court, pursuant to 28 U.S.C. § 157(c) and Fed. R. Bankr. P. 5011(a). For the following reasons, the motion is denied.

### BACKGROUND

On November 1, 2007, Neumann Homes, Inc. ("NHI") and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Thereafter

on December 10, 2008, the Official Committee of Unsecured Creditors of NHI ("Committee") filed an adversary complaint against the Neumanns primarily seeking to avoid preferential and fraudulent transfers; the complaint additionally asserts state law claims of unjust enrichment, breach of fiduciary duty, constructive trust, equitable relief, and an accounting.

According to the allegations contained in the adversary complaint, on January 1, 1991, NHI elected to become a Subchapter S corporation for federal income tax purposes. Defendant Ken Neumann was the chief executive officer and sole shareholder of NHI from 1994 until his resignation on September 19, 2007. As a Subchapter S corporation, NHI's income tax liability flowed through to Ken Neumann as the sole voting shareholder and was taxed as if he was a member of a partnership. By September 21, 2007, NHI revoked its status as a Subchapter S corporation and became a Subchapter C corporation. As a Subchapter C corporation, NHI was responsible for paying its own federal income taxes.

In 2006 and 2007, NHI experienced net operating losses ("NOLs"). The Committee asserts that the Neumanns elected to carry back their NOLs from 2006 and 2007 to 2004 and 2005. Moreover, they contend that based on these NOL carry-backs for 2006 and 2007, the Neumanns have applied to the Internal Revenue Service ("IRS") for tax refunds worth approximately $25 million for the tax years of 2004 and 2005. It

is the Committee's position that refunds derived from the NOLs should be made available to them as part of NHI's bankruptcy estate. The Neumanns filed the instant motion to withdraw the reference of the adversary proceeding.

## DISCUSSION

Federal district courts have original jurisdiction over all bankruptcy proceedings arising out of title 11 of the Bankruptcy Code. *See* 28 U.S.C. § 1334. However, a district court may refer the case to the bankruptcy courts pursuant to 28 U.S.C. § 157(a). As a matter of course, this court refers all title 11 cases to the bankruptcy court. N.D. Ill. L.R. 40.3.1. The court derives the power to withdraw part of a case from the bankruptcy court from 28 U.S.C. § 157(d), which states the following:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d)

The Seventh Circuit has interpreted the first sentence of Section 157(d) to be permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations. *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996).

The Neumanns move to withdraw the reference and present the court with arguments in favor of both mandatory and permissive withdrawal. The thrust of the Neumanns' argument is that their Seventh Amendment right to a jury trial establishes the requisite cause under permissive withdrawal. They also contend that mandatory withdrawal is necessary because the adversary complaint will require a significant interpretation of the Internal Revenue Code to resolve the underlying dispute. The Committee opposes the motion; it requests that the case remain in the bankruptcy court.

## I. Permissive Withdrawal

The Neumanns move to withdraw the reference on the basis that they have established conclusive cause under permissive withdrawal. Although Congress did not expressly define "for cause shown," the courts have consistently adhered to a wide range of factors in ascertaining whether a movant has satisfied the burden of showing cause: (1) whether the claim or proceeding is core or non core; (2) judicial economy; (3) promotion of uniformity and efficiency in bankruptcy administration; (4) delay and costs to the parties; (5) the court's familiarity with the case; (6) reduction of forum shopping; and (7) whether the parties requested a jury trial. *In re Edgwater Med. Ctr.*, 2004 U.S. Dist. LEXIS 25346, *2 (N.D. Ill. Dec. 14, 2004). While the court evaluates each of the cited factors, it is axiomatic that the most important factor is whether the

claim is core or non-core because it is on this issue that questions of efficiency and uniformity will turn. *In re Conseco Fin. Corp.*, 324 B.R. 50, 53 (N.D. Ill. 2005).

The Neumanns set forth two distinct arguments in support of permissive withdrawal. First, they request a jury trial on the basis that the Committee's claims involving avoidance of preferential and fraudulent transfers seek a legal remedy—money damages. Next, they contend that the majority of the counts contained in the complaint are non-core, therefore, it is more suitable for the district court determination rather than the bankruptcy court.

*A. Seventh Amendment Jury Rights*

The Neumanns contend that they are entitled to a jury trial on nearly all of the counts of the complaint. As the movant, they carry the burden of establishing that withdrawal is appropriate. *In re HA 2003, Inc.*, 2004 U.S. Dist. LEXIS 4674, at *2 (N.D. Ill. 2004). The Neumanns assert that they have not consented to a jury trial in the bankruptcy court and that the adversary proceeding ultimately requires adjudication before this court. They argue that notions of judicial economy support withdrawal of the reference. According to the Neumanns, court resources will be wasted if the right to a jury trial is delayed and the reference is not withdrawn.

The Committee takes the opposite approach. It perceives that the interests of judicial economy favor declining to withdraw the reference because the bankruptcy

court is familiar with the case and will efficiently administer the estate. Since the adversary proceeding is in the early stages of litigation and likely to expand via an amended complaint, the Committee argues against withdrawal. It also opposes the Neumanns' motion on the basis that the underlying claims may be resolved by dispositive motions.

Despite whether the Neumanns right to a jury trial exists, the issue is not of primary concern when considering whether to withdraw the reference. *In re Conseco Fin. Corp.*, 324 B.R. at 55. The principal goal of the bankruptcy court is the efficient use of the debtors and creditors' resources to administer the debtors' estate and resolve any related litigation. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993). The bankruptcy court has presided over this case since November 2007. The right to a jury trial, as presently asserted by the Neumanns, runs counter to the established policy of judicial economy and efficiency. *In re Conseco Fin. Corp.*, 324 B.R. at 55. While a district court retains broad discretion to withdraw a reference based on cause, it remains an exception to the rule. *Gecker v. Marathon Fin. Ins. Co., Inc.*, RRG, 391 B.R. 613, 614-15 (N.D. Ill. 2008). Application of the ordinary rule prevents withdrawal of the reference from becoming "an escape hatch from bankruptcy to district court." *Id.* at 615. In the interests of judicial economy and efficient administration of the bankruptcy estate, the bankruptcy court is better suited to manage all pretrial matters

and related issues arising out of the estate. Should a jury trial become necessary to resolve the issues articulated in the adversary proceeding, then we can consider whether to withdraw the reference at that time. At this stage in the litigation, the Neumanns' contention that it is entitled to a jury trial is insufficient to support withdrawal of the reference.

*B. Core Claims*

Next, the Neumanns assert that permissive withdrawal is necessary because the actions alleged in the Committee's complaint are predominantly non-core. Core proceedings either invoke a substantive right provided by Chapter 11 of the Bankruptcy Code or directly relate to the administration of the debtor-creditor relationship. *In re Conseco Fin. Corp.*, 324 B.R. at 53. Alternatively, non-core proceedings are typically state common law actions that tangentially relate to the bankruptcy case. *Id.* The difference is critical because a bankruptcy judge issues a final order in a core proceeding that is subject to appeal to the district court, while in non-core proceedings, the bankruptcy judge essentially issues a recommendation subject to *de novo* review by the district court. *Id.* The Neumanns characterize the bulk of the Committee's claims as non-core and argue that by keeping the case in bankruptcy court when it would inevitably be subject to *de novo* review, the parties will waste time and money in duplicative litigation.

The Committee argues against withdrawal on the basis that its complaint is a core proceeding. Avoidance of fraudulent transfers, avoidance of preferential transfers, and recovery of preferential transfers qualify as core claims. *See* 28 U.S.C. § 157(b)(2)(F), (H). The crux of the Committee's adversary complaint is related to the bankruptcy case as it seeks to avoid allegedly preferential and fraudulent transfers. The Neumanns point out that seven of the counts in the complaint are state law claims, which are non-core matters subject to *de novo* review by the district court. However, merely because the complaint includes several state law claims, each of which is derived from the underlying core claims, it is not dispositive on the decision to withdraw the reference. Non-core claims can be regarded as core matters when they arise out of the same transaction as the creditor's proof of claim such that the two claims are logically related. *In re K&R Express Sys., Inc.*, 382 B.R. 443, 447 (N.D. Ill. 2007). Claims like breach of fiduciary duty, unjust enrichment, and constructive trust are all premised upon the underlying action to avoid the preference and fraudulent conveyances. Since the essence of the Committee's complaint is derived from the core claims and the aforementioned factors militate against withdrawal, we find that the Neumanns have failed to satisfy their burden of proof that permissive withdrawal is appropriate.

## II. Mandatory Withdrawal

Alternatively, the Neumanns assert that significant interpretation of the Internal Revenue Code mandates immediate withdrawal of the reference. The Seventh Circuit

has held that mandatory withdrawal of the reference involves "substantial and material consideration" of non-title 11 federal law. *In re Vicars Ins. Agency, Inc.*, 96 F.3d at 952. When the non-title 11 issues require interpretation of law rather than mere application, or when the court must undertake significant analysis of unresolved non-title 11 legal issues, then mandatory withdrawal is appropriate. *Id.* at 954. Arguing that the court must interpret and apply various sections of the Internal Revenue Code concerning NOL carry backs and corporate status, the Neumanns propose that mandatory withdrawal is necessary.

The Committee contends that the tax law implicated in the complaint requires application rather than interpretation of non-title 11 law. While the adversary complaint does include various sections of non-title 11 law, the Committee asserts that it does not require significant interpretation of such law as the Seventh Circuit dictates. The Committee claims a right to the tax refunds that have been or soon will be tendered to the Neumanns. Moreover, they assert that Ken Neumann elected to change NHI's corporate status as part of an attempt to recover the NOLs. The Neumanns have not supplied the court with enough information on the issue of whether who is entitled to the refunds, i.e. the Neumanns or the Committee, requires any significant interpretation of law. We cannot send every proceeding requiring passing consideration of non-bankruptcy law back to the district court; for to do so would "eviscerate much of the

work of the bankruptcy courts." *Id.* at 952. Absent any countervailing support describing the likelihood that the court must engage in a significant interpretation of non-title 11 law, the court denies the motion to withdraw on this basis.

## CONCLUSION

Based on the foregoing, the motion to withdraw the reference is denied without prejudice.

_____
Charles P. Kocoras
United States District Judge

Dated:   April 27, 2009